IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| J&J Sports Production, Inc., | : |
| Plaintiff, | : |
| v. | : C.A. No. 14-1170-LPS |
| Scott Kim and Kooma, DE, Inc., | : |
| Defendants. | : |

## MEMORANDUM ORDER

Pending before the Court is a Motion For Default Judgment (the "Motion") filed by Plaintiff J&J Sports Productions, Inc. (D.I. 7) For the reasons discussed below, the Court will grant Plaintiff's Motion.

## BACKGROUND

The dispute between the parties involves the distribution rights for a televised boxing match between middleweight champion Julio Cesar Chavez, Jr. and Sergio Martinez. The fight, titled "Julio Cesar Chavez, Jr. v. Sergio Martinez, WBC Middleweight Championship Fight Program," took place on September 15, 2012. Plaintiff contracted with event organizers to obtain exclusive broadcast rights to the match. After obtaining the broadcast rights, Plaintiff sold licenses authorizing several commercial entities to publicly display or exhibit the fight.

Defendants Scott Kim and Kooma, DE, Inc. own and operate Kooma Restaurant and Lounge Bar in Wilmington, Delaware. Defendants did not obtain a license from Plaintiff. Nevertheless, Defendants displayed and exhibited the fight, at the time of its broadcast, to patrons of the Kooma Restaurant and Lounge.

On September 10, 2014, Plaintiff sued Defendants, alleging violations of 47 U.S.C.

§ 553. (D.I. 1) Plaintiff also alleged that Defendants' actions constituted unlawful conversion under Delaware law. (*Id.*) On November 6, 2014, Plaintiff effectuated service on Defendants. Defendants failed to answer the complaint or enter an appearance. (*See* D.I. 7) Accordingly, on December 16, 2014, Plaintiff requested an entry of default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). (D.I. 5) Default was entered on February 5, 2015 by the Clerk of the Court. (D.I. 6)

On May 21, 2015, Plaintiff filed its Motion for Default Judgment pursuant to Rule 55(b)(2), requesting that the Court enter an Order of Judgment by Default against Defendants for statutory damages equal to $100,000, along with reasonable attorneys fees and court costs, as authorized by statute. (D.I. 7)

## LEGAL STANDARDS

Entry of default judgment is a two-step process. *See* Fed. R. Civ. P. 55(a), (b). First, a party seeking to obtain a default judgment must request that the Clerk of the Court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]" within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). A party who defaults by failing to plead or defend does not admit the allegations in the claims as to the amount of damages. *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912 (3d Cir. 1992). After obtaining an entry of default, a plaintiff can obtain a default judgment. If the plaintiff's claim is "for a sum certain or a sum that can be made certain," the plaintiff may obtain default judgment from the court clerk. *See* Fed. R. Civ. P. 55(b). "In all other cases, the party must apply to the court for a default judgment." *Id.* Default judgment may not be granted if the defendant is a minor or is incompetent. *See id.*

## DISCUSSION

The Court will grant Plaintiff's Motion. Despite being properly served and informed about the proceeding, Defendants failed to answer the Complaint or "otherwise defend" themselves in this action. There is no evidence before the Court that the defaulting Defendants are infants, have been declared incompetent, or are currently in the military or otherwise exempted from default judgment under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. § 520. (*See* D.I. 7 Ex. A) The Clerk of Court entered default many months ago, and Defendants have not taken any action in response.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Default Judgment (D.I. 7) is **GRANTED.**

2. The Court will enter a separate Order in the form proposed by Plaintiffs. (*See* D.I. 7-1)

March 29, 2016
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT COURT